IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

BETH ROBINSON,

　　　　　　　Plaintiff,

v.                                                    CIVIL ACTION NO.　3:13-2307

HOLZER HEALTH SYSTEMS, INC.,
now known as HOLZER CLINIC, LLC.,
d/b/a HOLZER CLINIC OF WEST VIRGINIA,

　　　　　　　Defendant.

## MEMORANDUM OPINION AND ORDER

On February 18, 2014, the Court held a Pretrial Conference and heard arguments on Defendant Holzer Clinic, LLC's Motion for Summary Judgment.[1] ECF No. 17.　At that time, the Court granted summary judgment in favor of Defendant on Plaintiff Beth Robinson's age discrimination and Family Medical Leave Act (FLMA) claims.　The Court held in abeyance Defendant's motion on Plaintiff's Wage Payment and Collection Act claim, to determine if the parties could reach a resolution of the matter.　On March 19, 2014, the parties filed a Joint Report stating they could not resolve the issue.　Having considered this issue, the Court **GRANTS** summary judgment in favor of Defendant.

## I.
## FACTS

On December 19, 2012, Plaintiff filed a Complaint in the Circuit Court of Putnam County, West Virginia.　Defendant removed the action to this Court on February 8, 2013.　In her Complaint, Plaintiff asserts she was employed by Defendant from on or about August 2006 until

---

[1]Defendant states it is improperly identified as Holzer Health Systems, Inc.

her termination on or about July 10, 2012, with an effective date of July 6, 2012.   Plaintiff states

her employment entailed marketing, grant writing, and bringing in new business.

          On or about September of 2011, Plaintiff suffered a non-work related injury.   She

states she applied for and was granted FMLA until it expired on November 8, 2011.   Thereafter,

Plaintiff states she was granted a leave of absence (LOA) due to her long-term disability

designation.   Plaintiff claims her LOA expired on February 6, 2012.

          According to Plaintiff, Defendant's physician recommended on February 28, 2012,

that Plaintiff work from home during March and April of 2012, for a maximum of twenty hours a

week.   Her part-time position involved her working for the Cancer Center, but not the Marketing

Department.   Plaintiff claims that, during the time she was working part-time at home, Defendant

hired an employee who was younger than her to work in the Marketing Department and all

employees younger than her retained their Marketing Department jobs.   Plaintiff further alleged

that Defendant had several employees younger than her that worked from home.

          Plaintiff asserts that "[o]n or about July 10, 2012, . . . [she] received a letter from

. . . [Defendant] stating that since her physician had not released her to return to work, it was no

longer possible for her to 'remain an active ful[l]-time employee and . . . [she] will be removed

from the payroll effective July 7, 2012.'" *Compl.* at ¶15.   As a result, Plaintiff filed this action,

alleging:   Count I – a failure of Defendant to pay her unused sick, holiday, vacation, and other

paid time off pay within 72 hours of her termination in violation of West Virginia's Wage Payment and Collection Act; Count II – age discrimination; and Count III – a violation of the FMLA.

## II.
## STANDARD OF REVIEW

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).   In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).   Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]" *Anderson*, 477 U.S. at 256.   Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).   The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

## III.
## DISCUSSION

### A.
### Age Discrimination

In order for Plaintiff to show a prima facie case of age discrimination pursuant to West Virginia Code § 5-11-1 *et seq.*, Plaintiff must show: "(1) That the plaintiff is a member of a protected class[;] (2) That the employer made an adverse decision concerning the plaintiff[;] [and] (3) But for the plaintiff's protected status, the adverse decision would not have been made." Syl. Pt. 3, *Conaway v. Eastern Assoc. Coal Corp.*, 358 S.E.2d 423 (W. Va. 1986).   In this case, Plaintiff meets the first two of these criteria.   Plaintiff was 59 years old at the time of her termination. However, the Court finds Plaintiff has produced insufficient evidence to set forth a prima facie case that her termination was the result of her protected status.

Prior to her injury, Plaintiff was an at-will employee required to work every day at Defendant's facility located in Gallipolis, Ohio.   After exhausting her FMLA leave and discretionary leave, Defendant permitted Plaintiff to temporarily work part-time from home. However, Plaintiff was never released by her physician to return to work full-time or to drive to work.   Finally, by letter dated July 10, 2012, Defendant terminated Plaintiff because she never was released by her physician to work on a full-time basis.

The only evidence Plaintiff sets forth in support of her claim is her own testimony. Plaintiff states in her Response to Defendant's motion that "[i]t is also believed some employees who were allowed to work from home were younger than the Plaintiff, but as discovery has not

been completed, the Plaintiff cannot state this as factual." *Pl.'s Mem. of Law in Opp. to Def.'s Mot. for Summ. J.* 6, ECF No. 20.   Plaintiff filed her Response on November 22, 2013 and, pursuant to this Court's Scheduling Order, the parties were required to complete all discovery requests by September 6, 2013, and all depositions by October 21, 2013.   Thus, discovery was complete at the time Plaintiff's Response was filed.

On the same day Plaintiff filed her Response, she also filed a Motion to Compel to require Defendant to respond to written discovery requests she made on September 11, 2013.   By Order dated January 14, 2014, the Honorable Dwane L. Tinsely, Magistrate Judge, denied the motion.   As a result, Plaintiff has no evidence, aside from her own suppositions, to support her claim.   Plaintiff's conjecture about what evidence may exist is simply insufficient to survive a motion for summary judgment.   Therefore, the Court **GRANTED** Defendant's motion with respect to Plaintiff's claim of age discrimination.

## B.
## FMLA Claim

Plaintiff also asserts she was terminated because she applied for and received FMLA benefits.   A retaliation claim under the FMLA is analyzed pursuant to the burden-shifting framework of Title VII. *Laing v. Federal Exp. Corp.*, 703 F.3d 713, 719 (4th Cir. 2013).   Thus, in order to establish a prima facie case, a plaintiff must show: "(1) she engaged in a protected activity; (2) [the defendant] . . . took adverse action against her; and (3) a causal nexus exists between the protected activity and the adverse action." *Id.* at 720 (citation omitted).   If the plaintiff establishes a prima facie case, the burden shifts to the defendant to "to articulate a 'legitimate, nondiscriminatory reason for' . . . terminating her." *Id.* at 720-21 (quoting *McDonnell Douglas*

*Corp. v. Green*, 411 U.S. 792, 802 (1973)).   If the defendant provides a nondiscriminatory reasons for her termination, the plaintiff must establish that the "'proffered explanation is pretext for FMLA retaliation.'" *Id*. at 721 (citation omitted).

In this case, the Court finds that Plaintiff cannot show a causal nexus between her exercise of FMLA and her termination.   Plaintiff admits that Defendant granted her leave under the FMLA and her leave expired on November 8, 2011.   Thereafter, Defendant granted her a LOA, which expired on February 6, 2012.   Defendant then allowed Plaintiff to work part-time from home until July 2012.   There is simply no evidence that her termination was the result of her exercising her rights under the FMLA.   Moreover, Defendant articulated "a legitimate, nondiscriminatory reason for" her termination, that is, she was never released by her doctor to return to full-time employment.   Plaintiff has presented no evidence this reason is mere pretext. Therefore, the Court **GRANTED** summary judgment in favor of Defendant on Plaintiff's claim under the FMLA.

## C.
### Wage Payment and Collection Act

Lastly, Plaintiff claims that Defendant "failed to pay . . . her unused sick pay, holiday pay, vacation pay and other PTO pay within 72 hours of her termination[.]" *Compl*. at ¶ 20. In Response to Defendant's motion, Plaintiff states she was not paid a commission on a grant she secured for Defendant.   At the hearing held on February 18, 2014, counsel for Plaintiff could not provide the details of the grant or the amount of the commission Plaintiff believed she was due. Therefore, the Court directed Plaintiff to provide the information to Defendant and the parties file a joint report with the Court if they could not resolve the issue.

-6-

On March 19, 2014, the parties submitted their report.   The report provides that Plaintiff worked on a grant with the Breast Cancer Fund of Ohio.   Plaintiff believes that the grant contained a provision she be paid a 5% commission.   Defendant asserts there was no provision in the application for the grant to pay the preparer of the application a commission or a stipend.   In addition, following Plaintiff's termination, the Breast Cancer Fund of Ohio contacted an employee at the Holzer Clinic and requested that additional documents be completed, which was done.   A grant was then awarded in the amount of $10,000, with conditions that the Holzer Clinic track demographics of patients and issue a full report on the use and disbursement of the funds.   An employee at the Holzer Clinic prepared and completed the necessary documentation.

Defendant argues that, as the grant did not provide for a stipend or commission, Plaintiff is not entitled to any commission.   Further, Defendant asserts that the bulk of the work was performed by another employee.   At the time, however, Defendant states it had a policy in effect that it would pay a 2.5% stipend or commission on a grant award if the grant application itself did not provide for a stipend or commission.   In this case, the total commission on the $10,000 grant would be $250.   Defendant offered Plaintiff $250 for a full release and complete settlement of the claim, but Plaintiff rejected the offer.

The Court finds Plaintiff has presented no evidence that the grant application contained a provision she be paid a 5% commission.   Although Defendant admits it did have a policy in effect for a 2.5% commission, Defendant maintains that another employee did the majority of the work on the grant.   Plaintiff has presented no evidence to the contrary.   Thus, the

-7-

Court finds Plaintiff has failed to establish she is entitled to a commission and **GRANTS** Defendant's motion for summary judgment on Plaintiff's Wage Payment and Collection Act claim.[2]

## V.
## CONCLUSION

Accordingly, for the foregoing reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment.   ECF No. 17.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER:        April 11, 2014

ROBERT C. CHAMBERS, CHIEF JUDGE

---

[2]The Court also questions whether Plaintiff even properly pled a claim for a commission. Plaintiff's allegation is that Defendant "failed to pay . . . her unused sick pay, holiday pay, vacation pay and other PTO pay within 72 hours of her termination[.]"*Compl.* at ¶20.   This allegation does not appear to encompass her claim for a commission.   Defendant did not raise this issue in its motion, and the Court finds it unnecessary to address it because Plaintiff's claim is otherwise denied.